IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 24-101 |
| | ) |
| CHRISTOPHER POLLARD, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

I.  INTRODUCTION

This Court issued a Memorandum Opinion and Order on July 17, 2025 sustaining Defendant Christopher Pollard's objections to the Presentence Investigation Report ("PIR") and holding that the Government failed to meet its burden to demonstrate that his prior conviction for aggravated assault in violation of 18 Pa.C.S. § 2702(a)(1) is a crime of violence. (Docket Nos. 61-62). Rather, the Court found that Defendant has a single conviction for a crime of violence, i.e., simple assault in violation of 18 Pa. C.S. § 2701(a)(3) and that he is therefore not subject to enhancements for having two prior crimes of violence under the career offender guideline, § 4B1.1, and the firearms guideline, § 2K2.1(a)(1). (*Id*.). The Court also directed the Probation Office to recompute Defendant's base offense level for Counts One, Two and Three, his criminal history category, and the advisory guidelines range in this case. (*Id*.). The Supplemental Addendum was filed on July 22, 2025 and indicates that based on a total offense level of 21 and criminal history category of V, the advisory guidelines range in this case is 70 to 87 months' incarceration for Counts One, Two and Three. (Docket No. 63). Defendant also remains subject to a mandatory, consecutive penalty of 60 months' incarceration at Count Four. (*Id*.). Taken together, Defendant faces an advisory guidelines range of 130 to 147 months' incarceration at his sentencing. (*Id*.).

1

Presently before the Court are the Government's Motion for Reconsideration filed on July 30, 2025, (Docket No. 66), and Defendant's Response in Opposition submitted on August 15, 2025, (Docket No. 70). After careful consideration of the parties' positions and for the following reasons, the Government's Motion [66] is denied.

II.     LEGAL STANDARD

The Court initially turns to the governing legal standard. As a procedural matter, pursuant to this Court's Policies and Procedures, a motion for reconsideration must be filed within seven days of the order sought to be reconsidered. *See Practices & Procedures of Judge Nora Barry Fischer*, § II.M. The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." *Kabacinski v. Bostrom Seating, Inc.*, 98 F. App'x 78, 81 (3d Cir. 2004) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)); *United States v. Kalb*, 891 F.3d 455, 467 (3d Cir. 2018). Because "federal courts have a strong interest in the finality of judgments," *United States v. Hoey*, Cr. No. 09-200, 2011 WL 748152, at *2 (W.D. Pa. Feb. 15, 2011) (citation omitted), the standard that must be met to prevail on a motion for reconsideration is high, *see Berry v. Jacobs IMC, LLC*, 99 F. App'x 405, 410 (3d Cir. 2004).

The Court may grant a motion for reconsideration if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence which was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *United States v. Banks*, Crim No. 03-245, 2008 WL 5429620, at *1 (W.D. Pa. Dec. 31, 2008) (citing *Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). Motions for reconsideration are not a tool to re-litigate and reargue issues which have already been considered and disposed of by the Court, *see Hoey*, 2011 WL 748152, at *2 (citation omitted), to express disagreement with the Court's rulings, *see United States v.*

*Perminter*, Cr. No. 10-204, 2012 WL 642530, at *7 (W.D. Pa. Feb. 28, 2012), or for addressing arguments that a party should have raised earlier, *see United States v. Dupree*, 617 F.3d 724, 732-33 (3d Cir. 2010) (quotations omitted); *Kalb*, 891 F.3d at 467. Rather, such a motion is appropriate only where the court misunderstood a party or where there has been a significant change in law or facts since the Court originally ruled on that issue. *Hoey*, 2011 WL 748152, at *2. At least at the District Court level, motions for reconsideration should be sparingly granted. *See Cole's Wexford Hotel, Inc. v. UPMC and Highmark, Inc.*, 2017 WL 432947, *2 (W.D. Pa. Feb. 2, 2017).

III. DISCUSSION

At the outset, the Government's motion for reconsideration is untimely as it was not filed within seven days of the Court's July 17, 2025 Memorandum Opinion and Order, as is required by this Court's Practices and Procedures. *See Practices & Procedures of Judge Nora Barry Fischer*, § II.M. The Government did not seek an extension beyond the one-week deadline and has not provided any reason for submitting its motion late on July 30, 2025. (*See* Docket No. 66). Hence, the Government's motion for reconsideration is denied on this basis alone.

With that said, the Court alternatively holds that the Government has otherwise failed to demonstrate that reconsideration is warranted under the applicable legal standards. *See Dupree*, 617 F.3d at 732-33. To that end, the prosecution has not cited any changes in the controlling law nor the availability of any new evidence which is material to the Court's initial decision. (Docket No. 66). Rather, the Government submits that the Court erred in concluding that it failed to meet its burden to demonstrate that Defendant's prior conviction for aggravated assault under 18 Pa. C.S. § 2702(a)(1) was a crime of violence "because neither the defendant nor the Court raised any argument based on the 'attempts' provision of 18 Pa.C.S. § 2702(a)(1), and because the 'attempts' provision clearly qualifies as a crime of violence under § 4B1.1." (*Id*. at 2). Defendant counters

3

that the Court correctly analyzed the applicable law and that its decision should stand. (Docket No. 70). The Court agrees with Defendant for several reasons.

First, the Government's motion for reconsideration must be denied because the purposes of such motions are "not for addressing arguments that a party should have raised earlier" and "do not empower litigants … to raise their arguments, piece by piece." *Dupree*, 617 F.3d at 732 (citations omitted). At this stage, the Government admits that the Court correctly concluded that 18 Pa. C.S. § 2702(a)(1) is divisible into two separate offenses and then lodges several new arguments in an effort to demonstrate that the entire statute is crime of violence under the enumerated offenses clause of Guideline § 4B1.2(a)(2). (*See* Docket No. 66 at 3). But, the Government had multiple opportunities to present these legal theories prior to the Court's issuance of the Memorandum Opinion and did not do so. *Dupree*, 617 F.3d at 732.

To reiterate, the Court accepted prehearing briefs from the Government and Defendant and convened a hearing at which time both parties were provided with a forum to present additional evidence and oral argument. (*See* Docket Nos. 46; 54; 57; 58; 60; 65). The Court also made several comments during the hearing which could have prompted the Government to reexamine its position, i.e., the Court:

- pointed out that it was mindful of the Court of Appeals' decision in *United States v. Payo*, 135 F.4th 499 (3d Cir. 2025) which had been issued on April 28, 2025, and provided the citation for same, (Docket No. 65 at 13);

- stated that it was interesting that the guidelines had been amended to include inchoate offenses two days prior to Defendant's offenses of conviction, (*id*. at 23-24);

- noted additional jurisprudence from the Third Circuit indicating that § 2702(a)(1) was not a crime of violence under the elements clause, including *United States v. Jenkins*, 68 F.4th 148,152 (3d Cir. 2023) and *United States v. Mayo*, 901 F.3d 218, 230 (3d Cir. 2018), (Docket No. 65 at 24-26);

4

- directly asked the prosecutor if he was not arguing for the application of the modified categorical approach, (*id*. at 26-27);

- questioned counsel if there were any other case citations that the Court should be looking to in reaching its decision which they declined, (*id*. at 27); and,

- concluded by telling counsel that the argument was helpful and that "maybe you can tell by my questions that this is a tricky area for the Judge. It's a tricky area for the parties. And we want to be as correct as we possibly can." (Docket No. 65 at 28-29).

Despite these comments, neither counsel requested an opportunity for further briefing and the prosecutor effectively stood on the previously asserted position that the Third Circuit's decisions in *United States v. Brasby*, 61 F.4th 127, 132-33 (3d Cir. 2023), and *United States v. Olinsky*, 2023 WL 2945899, at *3 (3d Cir. April 14, 2023) were controlling on the issue of whether Defendant's conviction under 18 Pa. C.S. § 2702(a)(1) was a crime of violence under the enumerated offenses clause of Guideline § 4B1.2(a)(2). (*See* Docket No. 61 at 3-5).

Since the record was closed and there were no further arguments to consider, the Court told counsel that the next steps were to prepare and issue a Memorandum Opinion resolving the parties' disputes based on the evidence and arguments presented. (Docket Nos. 61; 65 at 28-29). As the Court of Appeals has recognized, reconsideration is not warranted where the prior decision was "legally correct in light of the facts, law and arguments raised by the parties at the time" the record was closed. *Dupree*, 617 F.3d at 733. Accordingly, the Government's Motion must be denied.

Second, the Government's disagreements with the Court's analysis do not justify reconsideration. *See Perminter*, 2012 WL 642530, at *7. In this regard, the Government suggests that the Court overstated the Court of Appeals' holding in *Payo* and should have recognized that its citations to *Brasby* and *Olinsky* were enough to support the unstated argument that those cases "imply" that the attempt provision set forth in § 2702(a)(1) is also a crime of violence under the

5

enumerated offenses clause of § 4B1.2(a)(2). (Docket No. 66 at 5-6). The Government continues that the Court should have held that Defendant failed to lodge a sufficient objection to his prior conviction under § 2702(a)(1) because his counsel did not point out that the statute was divisible and/or admitted that the modified categorical approach did not apply. (*Id.*). None of these arguments merit reconsideration.

In short, the Court's evaluation of this case was fair, appropriate and wholly consistent with the Court of Appeals' instructions in *Payo*. It is well established that the Government has the burden of proof to demonstrate by a preponderance of the evidence that a defendant is a career offender. *See e.g., United States v. Howard*, 599 F.3d 269, 271-72 (3d Cir. 2010) ("The government bears the burden of establishing, by a preponderance of the evidence, prior convictions and career offender status."); *Payo*, 135 F.4th at 107 ("the Government bears the ultimate burden of proving that the career-offender enhancement applies."). Without restating the entirety of the standards governing these types of disputes, which are fully set forth in the Memorandum Opinion, "[t]he categorical approach requires courts not only to ignore the actual manner in which the defendant committed the prior offense, but also to presume that the defendant did so by engaging in no more than 'the minimum conduct criminalized by the state statute.'" *United States v. Dobbin*, No. 17-3664, 2025 WL 2302431, at *3 (3d Cir. Aug. 11, 2025) (quoting *United States v. Ramos*, 892 F.3d 599, 606 (3d Cir. 2018)) (further quotation omitted); *see also Brasby*, 61 F.4th at 133-134. The categorical approach is the default rule and puts the onus on the Government to "'show that all of the statute's offenses [meet] the federal definition' of crime of violence." *United States v. Amos*, 88 F.4th 446, 457 (3d Cir. 2023) (quoting *Pereida v. Wilkinson*, 592 U.S. ——, 141 S. Ct. 754, 766, 209 L.Ed.2d 47 (2021) (emphasis in original)).

6

On the other hand, the modified categorical approach is a tool for Courts and litigants to use in determining which of the offenses set forth in a divisible statute that a defendant was convicted of violating. *Dobbin*, 2025 WL 2302431, at *4. The Court is permitted to make a limited inquiry of *Shepard* documents in an effort to answer that question. *Id*. If it is answered in the affirmative, "[t]he categorical approach then applies to that particular subsection." *Id*. If not, the Government maintains the burden to show that all of the statute's offenses constitute crimes of violence. *Amos*, 88 F.4th at 457.

Since the categorical approach is the default rule and the Government was not advocating that the modified categorical approach should be used to determine the precise portion of the statute which Defendant was convicted of violating, the Government's burden was always to show that both offenses stated in § 2702(a)(1) were crimes of violence. *See Amos*, 88 F.4th at 457. As the Court previously explained, the Government did not address the attempt clause at all and focused on *Brasby* and *Olinsky* – two cases where the modified categorical approach was used, and those defendants conceded that they were convicted under the serious bodily injury portion of the statutes. (*See* Docket No. 61 at 12-14). The Government claims that the Court erred by lodging objections on Defendant's behalf, but he did not have the burden of proof and was under no obligation to point out the flaws in the Government's deficient legal arguments. *See Amos*, 88 F.4th at 457. Defendant likewise was not required to object to the PIR's recitation of the facts of the underlying offense because those facts are not relevant to the categorical approach.[1] *Dobbin*, 2025 WL 2302431, at *3; *see also Brasby*, 61 F.4th at 133.

---

[1] The Court notes that "[t]he Court of Appeals has instructed that District Courts must be careful to hold the Government to its burden of proof and not permit it to 'smuggle information based on non-*Shepard* materials into the modified categorical analysis.'" (Docket No. 61 at 6 (citing *Payo*, 135 F.4th at 114)). The factual summary of the aggravated assault offense in ¶ 40 of the PIR expressly states that it is adopted from the criminal complaint and therefore does not meet *Shepard* standards. (*See* PIR at ¶ 40). As part of its decision, the Court reviewed the certified conviction records presented by the Government (including the criminal complaint) and alternatively held that the documents which met *Shepard* standards did not conclusively show that Defendant was convicted of the causes serious

7

Stated differently, even with the benefit of the persuasive Third Circuit precedent in *Brasby* and *Olinsky*, the Government potentially had two ways to successfully argue this case:

(1) to present a persuasive legal argument under the categorical approach showing that the attempt portion of § 2702(a)(1) was a crime of violence because that is the minimum conduct criminalized by the statute; and/or,

(2) to demonstrate under the modified categorical approach using *Shepard* documents that Defendant was actually convicted of violating the causes serious bodily injury portion of § 2702(a)(1) such that *Brasby* and *Olinsky* controlled.

The Government did not address these issues initially and has not provided a sufficient reason for failing to do so which would persuade the Court that reconsideration is warranted. (*See* Docket No. 66). Therefore, the Court declines to exercise its discretion and grant the Government a second bite at the apple to litigate the career offender disputes. *Cf. United States v. Rowe*, 919 F.3d 752, 762-763 (3d Cir. 2019) (noting a general distaste for providing the Government a second bite at the apple by permitting it to introduce additional evidence at a resentencing but recognizing a limited exception only if the Government tendered a persuasive reason why fairness would require it such as if the government was unable to present evidence in the first hearing due to a lack of notice or reasons beyond its control).

Third, while the Government now contends that its prior arguments challenged the entirety of the statute and the decisions in *Brasby* and *Olinsky* "imply" that the attempt portion is also a crime of violence, the Court of Appeals expressly recognized in *Payo* that "simply citing a case in the District Court is not sufficient to raise all arguments that might flow from it." *Payo*, 135 F.4th at 108 (quoting *Dupree*, 617 F.3d at 731). The Court of Appeals continued that "case citations

---

bodily injury portion of § 2702(a)(1). (*See* Docket No. 61 at 14-16). The Government's present suggestions that the Court should have sua sponte conducted the modified categorical approach, deem that Defendant admitted those facts and rule in its favor would be fundamentally incompatible with Third Circuit precedent. *See Payo*, 135 F.4th at 114.

without elaboration cannot preserve arguments not explicitly made" by the prosecution and that a District Court abuses its discretion if it sua sponte considers arguments that were not expressly raised by the prosecution. *Payo*, 135 F.4th at 108 (citing *United States v. Dowdell*, 70 F.4th 134, 141, 145 (3d Cir. 2023)).

In seeking reconsideration, the Government also relies upon the amended guidelines that the Court mentioned at the hearing and referenced in a footnote in its decision. (Docket No. 66 at 7). However,

> *Payo* tells the Court that it may not *sua sponte* advance a legal theory that was not asserted by the Government to satisfy its burden on the career offender enhancement as to do so would possibly "undermine[ ] the judiciary's neutrality and encroach[ ] upon the executive branch's prosecutorial prerogative to argue its case." *Id*. at 107-08 (citing *Dowdell*, 70 F.4th at 146). Again, "[t]he parties, not the courts, are 'responsible for advancing the facts and arguments entitling them to relief' in our criminal legal system." *Payo*, 135 F.4th at 117 (quoting *Dowdell*, 70 F.4th at 140).

(Docket No. 61 at 16). The Court did not highlight the amendments to provide the Government with an avenue to seek reconsideration. Rather, the Court pointed to the amendments to explain its reasoning why the Government failed to meet its burden. (*See* Docket No. 61). For the reasons explained above, these arguments are too late and do not justify reconsideration.[2]

---

[2] The Court also rejects the Government's policy-based arguments that reconsideration is warranted because "[t]he purposes of the Career Offender guidelines include, at their core, increasing the punishment for the worst offenders—including those with serious, violent criminal histories" and that the facts of the underlying offense contained in the PIR are such that a "non-Career Offender Guideline range does not adequately reflect the seriousness of the defendant's criminal history." (Docket No. 66 at 7). To the contrary, the Court's role is to apply the standards under the categorical approach outlined herein and is directed to not consider the facts of the offense except for the limited purposes which are permitted when the modified categorical approach is invoked. The Government never expressly stated in its papers which approach it was using and the Court directly asked counsel at the hearing if the modified categorical approach should be used to clarify the record. Even if the Court had not done so, the ambiguity in the Government's arguments should be resolved in favor of Defendant under the rule of lenity. *See e.g., United States v. Nasir*, 17 F.4th 459, 473 (3d Cir. 2021) (Bibas, J., concurring) (citation omitted) ("Under the rule of lenity, courts must construe penal laws strictly and resolve ambiguities in favor of the defendant.").

## IV. CONCLUSION

Based on the foregoing, the Government's motion for reconsideration [66] is DENIED. Both parties had a full and fair opportunity to argue their disputes as to the challenged sentencing enhancements through briefing and at a hearing.   The Government has not persuaded the Court that there is a sufficient basis to exercise its discretion and reconsider the Memorandum Opinion. An appropriate Order rescheduling the sentencing and related deadlines follows.

*s/Nora Barry Fischer*
Nora Barry Fischer
Senior U.S. District Judge

Dated:  August 22, 2025

cc/ecf:  All counsel of record